UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL D. ALLISON,

        Plaintiff,

    v.

CITY OF BRIDGEPORT, IL, *a municipality in Lawrence County*, COUNTY OF LAWRENCE, IL, *a county in the State of Illinois*, INDIVIDUALS, *yet to be named, individually and in their official capacity as employees of the Lawrence County Sheriff's Department*, MAX SCHAUF, *individually and in his official capacity as Mayor of Bridgeport*, ROBERT NESTLEROAD, *individually and in his official capacity as Chief of Bridgeport*, JAMES D. STOUT, *individually and in his official capacity as City Attorney of Bridgeport*, TRENT MASTERSON, *individually and in his official capacity as Police Officer, interim Chief of Police and as Chief of Police of Bridgeport*, DANNY ASH, *individually and in his official capacity as Police Officer and as acting Chief of Police of Bridgeport*, RODGE C. STOCKWELL, *individually and in his official capacity as Police Officer of the State of Illinois*, INDIVIDUALS, *yet to be named, individually and in their official capacity as employees of the Illinois State Police Department*, SCOTT MURRAY, *individually and in his official capacity as Chief of Police of Bridgeport*, and TORY GARRARD, *individually and in his capacity as owner and operator of Garrard Towing and Repair and in his official capacity as one of the designated towing agents for Bridgeport*,

        Defendants.

Case No. 09-cv-703-JPG

## MEMORANDUM AND ORDER

      This matter comes before the Court on its own initiative for purposes of case management. On September 8, 2009, Plaintiff Michael D. Allison filed his *pro se* Complaint (Doc. 1) in this case. Allison's complaint is not light reading to say the least — clocking in at 166 pages, 716 paragraphs, and 121 separate counts. The pleading smacks of great redundancy

and includes claims against unnamed individuals for both the Lawrence County Sheriff's Department and the Illinois State Police Department.

Federal Rule of Civil Procedure 8 makes clear the following:

(a) **Claim for Relief**.  A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a *short and plain* statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added).  Failure to conform to the requirements of Rule 8(a) may be grounds for dismissal and refiling of the complaint.  *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376-78 (7th Cir. 2003) (a complaint with 400 paragraphs covering 155 pages followed by ninety-nine attachments, replete with undefined acronyms and mysterious cross-references, was so confused that neither the court nor the adverse parties should be required to "try to fish a gold coin from a bucket of mud"); *Richee v. Velasco*, No. 02 C 7761, 2002 WL 31455982, at **1-2 (N.D. Ill. Nov. 1, 2002) (dismissing with leave to amend an 85-page handwritten *pro se* complaint consisting of 329 paragraphs); *Fernandez v. Supreme Ct. of Ill.*, No. 02 C 3402, 2002 WL 1008468, at *1 (N.D. Ill. May 17, 2002) (dismissing an 81-page complaint that was "unnecessarily lengthy, redundant, and confusing, making it difficult to determine which alleged wrongdoings, if any, constitute the claimed violations of federal and state law"); *Dudley Enters., Inc. v. Palmer Corp.*, 822 F. Supp. 496, 499-501 (N.D. Ill. 1993) (dismissing a complaint under the Racketeer Influenced and Corrupt Organizations Act and state law that contained 111 allegations with extensive subparagraphs spread over 46 pages and was organized in a confusing, disjointed, and repetitive manner).

The instant complaint is many things, but one thing it is not is compliant with the clear mandate of Rule 8(a).  Specifically, the complaint fails to simply and plainly state Allison's claims, as is perhaps best evidenced by its sheer length.  Until Allison adheres to this hallmark of federal pleading, the Court will not entertain his claims.

For the above stated reasons, the Court **DISMISSES** Allison's Complaint (Doc. 1) and **GRANTS** him **leave to re-file an amended complaint no later than February 26, 2010.**  In light of the foregoing, the Court **DENIES** Allison's Motion to Appoint Counsel (Doc. 2).

**IT IS SO ORDERED.**
**DATED: December 28, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**