UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. ALLISON,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF BRIDGEPORT, IL, *a municipality in Lawrence County*, MAX SCHAUF, *individually and in his official capacity as Mayor of Bridgeport*, ROBERT NESTLEROAD, *individually and in his official capacity as Chief of Bridgeport*, TRENT MASTERSON, *individually and in his official capacity as Police Officer, interim Chief of Police and as Chief of Police of Bridgeport*, DANNY ASH, *individually and in his official capacity as Police Officer and as acting Chief of Police of Bridgeport*, and TORY GARRARD, *individually and in his capacity as owner and operator of Garrard Towing and Repair and in his official capacity as one of the designated towing agents for Bridgeport*,<br><br>          Defendants. | Case No. 09-cv-703-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Michael Allison's Amended Complaint (Doc. 32) and Motion to Appoint Counsel (Doc. 33), to which Defendant Tory Garrard filed a Response (Doc. 34) and Memorandum (Doc. 35) in support thereof. Said complaint, which alleges numerous constitutional violations against Defendants pursuant to 42 U.S.C. § 1983, was filed in response to the Court's Memorandum and Order (Doc. 13) of December 28, 2009, wherein the Court found Allison's original Complaint (Doc. 1) to be overlong and subsequently granted him leave to re-file a complaint in comport with Federal Rule of Civil Procedure 8.

As a preliminary matter, the Court finds that the amended complaint satisfies its previous mandate, even though it is substantively identical to that filed in *Michael D. Allison v. Bridgeport, IL*, Case No. 05-cv-4206 (S.D. Ill. Nov. 9, 2005). (*See* Doc. 11 therein).

With respect to the instant motion, the Court notes "[c]ivil litigants have neither a constitutional nor statutory right to appointed counsel." *Klein v. Perry*, 216 F.3d 571, 576-77 (7th Cir. 2000). Under 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States District Court*, 490 U.S. 296 (1989). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district.

Here, the Court cannot ignore the civil nature of this case and that Allison is not proceeding *in forma pauperis*. Moreover, Allison's complaints, which he presumably composed, amended, and filed, indicate that he is able to competently represent himself at this time. This is furthered by the fact that Allison proceeded *pro se* throughout much of the related case referenced *supra*. Accordingly, the Court does not find appointment of counsel to be warranted at this time.

For the foregoing reasons, the Court **DENIES** Allison's Motion to Appoint Counsel (Doc. 33).

**IT IS SO ORDERED.**
**DATED: March 1, 2010**

                                                    s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**