UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. ALLISON,<br><br>    Plaintiff,<br><br>  v.<br><br>TORY GARRARD, *individually and in his capacity as owner and operator of Garrard Towing and Repair and in his official capacity as one of the designated towing agents for Bridgeport*,<br><br>    Cross-Claimant/Defendant,<br><br>  v.<br><br>CITY OF BRIDGEPORT, IL, *a municipality in Lawrence County*, MAX SCHAUF, *individually and in his official capacity as Mayor of Bridgeport*, ROBERT NESTLEROAD, *individually and in his official capacity as Chief of Bridgeport*, TRENT MASTERSON, *individually and in his official capacity as Police Officer, interim Chief of Police and as Chief of Police of Bridgeport*, and DANNY ASH, *individually and in his official capacity as Police Officer and as acting Chief of Police of Bridgeport*,<br><br>    Defendants/Cross-Defendants, | Case No. 09-cv-703-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative for purposes of case management. Specifically, the Court is concerned with Plaintiff Michael Allison's failure to respond to Defendant Tory Garrard's Motion for Summary Judgment (Doc. 52).

Pursuant to Local Rule 7.1(c), Allison's response was due thirty days after said motion was served, but thirty days have passed and Allison has not responded. The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion. S.D. Ill. L. R. 7.1(c).

Being fully advised of the premises, the Court hereby **ORDERS** Allison to **SHOW CAUSE** on or before **July 23, 2010**, why the Court should not construe his failure to timely respond to Garrard's summary judgment motion as an admission of its merits and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: July 6, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
