UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. ALLISON,<br><br>    Plaintiff,<br><br>  v.<br><br>TORY GARRARD, *individually and in his capacity as owner and operator of Garrard Towing and Repair and in his official capacity as one of the designated towing agents for Bridgeport*,<br><br>    Cross-Claimant/Defendant,<br><br>  v.<br><br>CITY OF BRIDGEPORT, IL, *a municipality in Lawrence County*, MAX SCHAUF, *individually and in his official capacity as Mayor of Bridgeport*, ROBERT NESTLEROAD, *individually and in his official capacity as Chief of Bridgeport*, TRENT MASTERSON, *individually and in his official capacity as Police Officer, interim Chief of Police and as Chief of Police of Bridgeport*, and DANNY ASH, *individually and in his official capacity as Police Officer and as acting Chief of Police of Bridgeport*,<br><br>    Defendants/Cross-Defendants, | Case No. 09-cv-703-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Michael Allison's Response (Doc. 60) to the Court's recent Memorandum and Order (Doc. 59) to show cause, wherein the Court ordered Allison to explain his non-responsiveness to the Motion for Summary Judgment (Doc. 52) of Defendant Tory Garrard. Garrard has filed a Response (Doc. 62) to the submission at issue.

Allison explains his failure to respond by stating that he never received a copy of Garrard's summary judgment motion and, even if he had, said motion is premature in light of the scant discovery that has changed hands. The Court has some problems with this rationale. First,

like Garrard, the Court finds it difficult to believe Allison's claim that he was not in receipt of the motion. This is the first time Allison has made any such allegation as to non-receipt, and, at the time of the motion's filing, Garrard certified that he mailed his motion to Allison. (Doc. 3, p. 3) ("I [Garrard] hereby certify that on the 28th day of May, 2010, I mailed by United States Postal Service, [my motion for summary judgment] to the following non-[CM/ECF] registered participants: Michael Allison . . . ."). This certification carries a presumption of verity. Second, Allison must do more than make baseless, unsworn allegations as to the motion's prematurity if the Court is to refrain from ruling on it. *See* Fed. R. Civ. P. 56(f). With that said, a cursory review of Garrard's summary judgment motion indicates that the arguments therein are strictly legal in nature; thus, the motion likely does not warrant full discovery before briefing and disposition.

Being fully advised of the premises, especially Allison's *pro se* status, the Court **DISCHARGES** its Memorandum and Order (Doc. 59) to show cause of July 6, 2010. Further, the Court **DIRECTS** the Clerk of Court to mail a copy of Garrard's Motion for Summary Judgment (Doc. 52) to Michael Allison, 744 Keppas Street, Bridgeport, IL 62417. Finally, the Court **ORDERS** that Allison shall have up to and including August 13, 2010, to file his response to Garrard's motion. Instead of a response, Allison may choose to file an affidavit pursuant to Federal Rule of Civil Procedure 56(f). However, the Court warns Allison that if said affidavit does not meet the standards of Rule 56(f), the Court can and will be ruling on Garrard's motion.

**IT IS SO ORDERED.**
**DATED: July 27, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
