UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MICHAEL D. ALLISON,

     Plaintiff,

    v.                                                                    Case No. 09-cv-703-JPG

TORY GARRARD, *individually and in his capacity as*
*owner and operator of Garrard Towing and Repair and in*
*his official capacity as one of the designated towing agents*
*for Bridgeport*,

     Cross-Claimant/Defendant,

    v.

CITY OF BRIDGEPORT, ILLINOIS, *a municipality in*
*Lawrence County*, MAX SCHAUF, *individually and in his*
*official capacity as Mayor of Bridgeport*, ROBERT
NESTLEROAD, *individually and in his official capacity*
*as Chief of Police of Bridgeport*, TRENT MASTERSON,
*individually and in his official capacity as Police Officer of*
*Bridgeport*, and DANNY ASH, *individually and in his*
*official capacity as Police Officer and as acting Chief of*
*Police of Bridgeport*,

     Defendants/Cross-Defendants,

## MEMORANDUM AND ORDER

This matter comes before the Court on Cross-Defendants City of Bridgeport, Illinois, Max Schauf, Robert Nestleroad, Trent Masterson, and Danny Ash's (hereinafter "Cross-Defendants") Motion to Dismiss (Doc. 43). Specifically, pursuant to Federal Rule of Civil Procedure 12(b)(6), Cross-Defendants move to dismiss Cross-Claimant Tory Garrard's (hereinafter "Garrard") cross-claims for failure to state a claim upon which relief can be granted. Garrard filed a Response (Doc. 45) to Cross-Defendants' motion. For the following reasons, the Court, *inter alia*, **GRANTS** the instant motion.

As a preliminary matter, the Court notes that "[i]n ruling on a motion to dismiss [a] cross-claim, a court uses the same standards of review that apply to claims made in the main complaint." *Hays v. Bardasian*, 615 F. Supp. 2d 796, 798 (N.D. Ind. 2009); *see Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001); *Fultz v. Ahmed*, No. 2:08 cv 289, 2010 WL 2425905, at *3 (N.D. Ind. June 9, 2010). The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, a cross-claim need not allege detailed facts. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir.2007).

However, in order to provide fair notice of the grounds for his claim, the cross-claimant must allege sufficient facts "to raise a right to relief above the speculative level." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A cross-claim must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the [cross-claim] does not provide the type of notice of the claim to which the defendant is entitled under [Federal] Rule [of Civil Procedure] 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). However, "when a [cross-claim] adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.

Here, Cross-Defendants are right to point out that the current incarnation of the cross-claims merely represents a recitation of the elements of contribution and indemnity. (Doc. 39,

2

p. 14, paras. 3-4) ("At all relevant times herein, Garrard was acting under the control, direction and instruction of Co-Defendants . . . as their agent. Garrard has demanded defense, indemnification and to be held harmless from his Co-Defendants, and they denied the same."). This clearly runs afoul of the mandate of *Pisciotta* and *Twombly*. Further, the absence of any specific facts leads the Court to believe that Cross-Defendants have not been put on sufficient notice of the claims against them. More importantly, it raises questions about the plausibility of Garrard's cross-claims for contribution and invocation.

Cross-Defendants further argue that contribution is unavailable to Garrard because he has been sued for alleged constitutional violations, not for any tortious conduct. The current claims against Garrard are Count VII of the Amended Complaint (Doc. 32), alleging violation of Plaintiff Michael Allison's (hereinafter "Allison") Fourth and Fourteenth Amendment Rights, and Count VIII, alleging violation of Allison's right to the quiet enjoyment of his home by way of the First, Fourth, and Fourteenth Amendments. Both seek, *inter alia*, compensatory and punitive damages. At this stage in the litigation, the Court will not be so quick as to confine said claims solely to a constitutional context, especially in light of the relief sought and Allison's *pro se* status. Moreover, Cross-Defendants cite no authority to support this argument.[1]

For the foregoing reasons, the Court **GRANTS** Cross-Defendants' Motion to Dismiss (Doc. 43), whereby the Court **DISMISSES** Garrard's cross-claims **without prejudice**.

---

[1] Cross-Defendants also argue that "the Supreme Court has ruled that a *Complaint* must allege facts on its face to give rise to a cause of action for indemnification or contribution in a case." (Doc. 43, p. 2, para. 5) (emphasis added). However, Cross-Defendants fail to explain or cite any authority for this purported linkage between the complaint and cross-claim in the motion to dismiss context. As such, the Court will not address this unsupported argument

Further, the Court **ORDERS** that Garrard shall have up to and including October 15, 2010, to

re-file his cross-claims.

**IT IS SO ORDERED.**
**DATED: September 17, 2010**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**

4