UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MICHAEL D. ALLISON,

     Plaintiff,

     v.

CITY OF BRIDGEPORT, ILLINOIS, *a municipality in Lawrence County*, MAX SCHAUF, *individually and in his official capacity as Mayor of Bridgeport*, ROBERT NESTLEROAD, *individually and in his official capacity as Chief of Police of Bridgeport*, TRENT MASTERSON, *individually and in his official capacity as Police Officer of Bridgeport*, DANNY ASH, *individually and in his official capacity as Police Officer and as acting Chief of Police of Bridgeport*, and TORY GARRARD, *individually and in his capacity as owner of Garrard Towing and Repair, the designated towing agent of Bridgeport*,

     Defendants.

Case No. 09-cv-703-JPG

## MEMORANDUM AND ORDER

     This matter comes before the Court on Defendant Tory Garrard's (hereinafter "Garrard") Motion for Summary Judgment (Doc. 52). Plaintiff Michael Allison (hereinafter "Allison") filed a *pro se* Response (Doc. 65) thereto, to which Garrard submitted a Reply (Doc. 66).

     For the following reasons, the Court **DENIES** the instant motion.

## BACKGROUND

     The parties do not seriously discuss the facts of this case; thus, neither will the Court. With that said, in analyzing a motion for summary judgment, the Court construes the evidence in the light most favorable to Allison and draws all reasonable inferences in favor of

him.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).

Allison brings two claims (Counts VII and VIII) against Garrard pursuant to 42 U.S.C. § 1983.  In Count VII, Allison alleges that Garrard violated his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.  In Count VIII, Allison alleges that Garrard violated the right to the quiet enjoyment of his home as protected under the First, Fourth, and Fourteenth Amendments.

## ANALYSIS

### I.    Summary Judgment Generally

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath*, 211 F.3d at 396.  In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson,* 477 U.S. at 255, or by "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."

2

*Anderson,* 477 U.S. at 252.

## II.     "State Actor" for Purposes of 1983

Section 1983 of Title 42 of the United States Code states, in pertinent part, as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2006).  In other words, to prove a claim under § 1983, a plaintiff must show that "(1) he was deprived of a federal right and (2) the deprivation was imposed upon him by one or more persons acting under color of state law."  *Ienco v. City of Chi.*, 286 F.3d 994, 997-98 (7th Cir. 2002); *see Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

At issue in the instant motion is whether Garrard, the owner of Garrard Towing and Repair, was a "state actor" for purposes of § 1983 when he towed several of Allison's vehicles at the direction of co-Defendants on November 10, 2003, and June 28 and 29, 2005. The Seventh Circuit Court of Appeals previously announced that "a towing company is not a state actor [under § 1983]."[1]  *Scott v. Archey*, 99 F. App'x 62, 63 (7th Cir. 2004); *see Hinman v. Lincoln Towing Serv., Inc.*, 771 F.2d 189, 192-93 (7th Cir. 1985); *but see Bins v. Artison*, 924 F.2d 1061, at *2 (7th Cir. 1991) (holding that it was not an abuse of discretion for district

_____

[1]The Seventh Circuit is not alone in this belief.  *See, e.g., Huemmer v. Mayor and City Council of Ocean City*, 632 F.2d 371, 372 (4th Cir. 1980) (despite constitutionally defective towing ordinance, summary judgment for towing operator was appropriate because his action was limited to towing and he had no reason to doubt the validity of said ordinance).  This case is somewhat distinct from *Huemmer*, however, in that Allison has alleged the underlying ordinance did not authorize the towing of vehicles. Doc. 32, p. 29, ¶ 181; p. 31-32, ¶ 198.

judge to deem towing service an agent of the county due to a "longstanding pattern of cooperation").   But, because the Seventh Circuit deemed *Scott* to be a nonprecedential disposition and released the order before January 1, 2007, it should not be cited to this Court. *See* 7th Cir. R. 32.1(b), (d); *Alimi v. Gonzales*, 489 F.3d 829, 836 n.8 (7th Cir. 2007) ("Because Ms. Alimi relies on an unpublished decision from 1993, it cannot be cited to this court."); *Martin v. Fort Wayne Police Dep't*, Cause No. 1:09-CV-48-TLS, 2010 WL 3326132, at *4 (N.D. Ind. Aug. 23, 2010).   More importantly, *Scott* should not be considered precedent by this Court or the other constituent courts of the Seventh Circuit.   *Jones v. White*, Cause No. 3:08-CV-497 TS, 2010 WL 1382109, at *3 (N.D. Ind. Mar. 30, 2010).

Here, Garrard has not so much made an argument that he is entitled to summary judgment as he has merely directed the Court's attention to *Scott*.   Pursuant to Seventh Circuit Rule 32.1, however, *Scott* holds no sway over this Court.

In light of summary judgment's general deference to the non-movant and Garrard's admission that he towed Allison's cars at the instruction of his individual co-Defendants, Doc. 52, p. 2, ¶ 6, the Court sees no reason to dismiss Garrard at this time.   The facts of this case could demonstrate longstanding cooperation,[2] significant discretion, or the like that could impute § 1983 liability to Garrard.   And, as a final matter, the Court notes that at least one treatise has condoned Allison's litigation strategy in a related context involving the towing of motor vehicles.   *See* Andrea G. Nadel, J.D., *State or Municipal Towing, Impounding, or Destruction of Motor Vehicles Parked or Abandoned on Streets or*

---

[2]Of course, the Court is mindful that *Bins v. Artison*, 924 F.2d 1061 (7th Cir. 1991), which explicitly referenced the significance of a "longstanding pattern of cooperation," is another nonprecedential disposition of the Seventh Circuit.

*Highways*, 32 A.L.R. 4th 728 (West 2010) (One "seeking to attack the validity and constitutionality of a statute or ordinance regulating the towing and impounding of motor vehicles found unattended on streets or highways should consider suing the particular individuals involved**:** the police officers and *the tower*, as well as the municipality, under . . . **§** 1983.") (footnote omitted).

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Garrard's Motion for Summary Judgment (Doc. 52)

**IT IS SO ORDERED.**
**DATED: November 15, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**