IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. ALLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-cv-703-JPG-DGW |
| ) | |
| CITY OF BRIDGEPORT, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for adjudication of pretrial matters in this action. It is **RECOMMENDED** that Motion for Sanctions filed by Defendants (Doc. 94) be **GRANTED**. It is **FURTHER RECOMMENDED** that the action be **DISMISSED with prejudice** as a sanction for Plaintiff's failure to cooperate in discovery and for Plaintiff's willful failure to comply with the Court's orders.

FINDINGS OF FACT

On August 20, 2010, the Defendants filed a Motion for Inspection of Property (Doc. 69), asking to be allowed to inspect vehicles, owned by Plaintiff, at issue in the lawsuit. The Court held a hearing on that, and other pending discovery motions, on October 7, 2010. At the hearing, the Plaintiff expressed his concern that the Defendants would alter the vehicles during the course of the inspection. Defendants informed the Court that they would not alter the vehicles during the inspection. The Court ordered the parties to agree upon a date and time

for Defendants to inspect Plaintiff's vehicles and ordered that the inspection occur within thirty days (Doc. 79). The ordered inspection did not occur. At a telephonic discovery dispute conference held on November 2, 2010, the Defendants informed the Court that the inspection was tentatively set for November 18, 2010. On November 10, 2010, the Court ordered that the inspection take place on November 18, 2010. The Court informed the Plaintiff that if he or his attorney hindered the inspection of the vehicles, the Court would recommend imposing as a sanction the prohibition of introduction into the case of any evidence regarding the value of the vehicles (Doc. 86). On November 15, 2010, the Plaintiff filed a Motion for Reconsideration, objecting to the inspection of the vehicles unless Plaintiff, his experts, or mechanics, were allowed to move the vehicles from their current location (a cornfield) to an expert, classic-car-mechanic shop. He further requested that Plaintiff's own mechanics disassemble, inspect, examine, and reassemble each of the vehicles in question while Defendants and their experts observe the examination and inspection (Doc. 90). The Court denied this motion and ordered the inspection of vehicles by Defendants' expert to take place on November 18, 2010, at their current location as previously planned (Doc. 91).

On November 19, 2010, the defendants filed a Motion for Sanctions informing the Court that Defendants attempted to contact Plaintiff to coordinate the inspection of the vehicles by calling him at the number he provided once on November 15, twice on November 16, 2010, and once on November 17, 2010. Plaintiff failed to return any of the telephone calls made by Defendants to coordinate the inspection. As such, the Defendants argued, the Plaintiff failed to comply with the Court's order and is therefore subject to sanctions (Doc. 94).

2

On November 29, 2010, the Court entered an order that Plaintiff show cause by December 17, 2010, why he is not in violation of the Court's orders mandating the inspection of the vehicles and why the Court should not enter or recommend sanctions pursuant to Federal Rules of Civil Procedure.

On December 13, 2010, the Plaintiff filed a Motion to Continue Trial and Request for an In-Person Status Hearing Before The Honorable Judge J. Phil Gilbert (Doc. 101). Plaintiff reiterated his objections to the examination of his vehicles except by himself, his mechanics, and experts. Plaintiff further argued there is "no legitimate reason why the Plaintiff should be forced to allow the Defendants to conduct an inspection and an examination of the Plaintiff's vintage vehicles in the 'Time, Place, and Manner' in which the Plaintiff's vintage vehicles currently exist, when the Plaintiff has stated that the Plaintiff would have his own vehicle transport experts to physically move and transport the Plaintiff's vintage vehicles to an expert classic car mechanic shop to conduct an inspection and an examination of the physical and consequential damages caused by the Defendants to each of the Plaintiff's vintage vehicles." Plaintiff objected that the Defendants should not be able to alter the Plaintiff's vehicles in inspecting them, but instead should observe the examination of the vehicles by Plaintiff's mechanics and experts. Plaintiff further objected to the Court's denial of his motions and with being "threatened with sanctions by the Court if the Plaintiff does not co-operate with the Defendants and with the rules of the Court."

On December 22, 2010, the Plaintiff filed a response to the order to show cause (Doc.

102).[1]  As background, Plaintiff explained that he is the owner of vintage vehicles which were towed by Defendant Garrard Towing pursuant to the vehicle registration ordinance in Bridgeport, Illinois, where Plaintiff resides. After Plaintiff's vehicles were towed, Defendant Garrard Towing would not release the vehicles to Plaintiff if they were to be returned to Bridgeport. Defendant Garrard warned Plaintiff that if the vehicles were returned to Bridgeport, they would be towed again. Plaintiff thus moved the vehicles to a farm property in Crawford County owned by a third party not involved in this lawsuit. Plaintiff states that he has only limited access to the property.

Plaintiff reiterates his arguments that "there is no legitimate reason" why the Plaintiff should be "forced" to allow the Defendants access to his vehicles as they currently exist. Plaintiff further argues that to allow Defendants to inspect the vehicles at their current location—on property not owned by Plaintiff—they would be committing the tort of trespassing onto the property of an individual not a party to the lawsuit. Plaintiff contends that were the Court to order Defendants to commit a tort, the order would be void, without jurisdiction, and with "no legal force or effect."

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37(b) authorizes a court to dismiss an action in whole or in part for as a sanction for failure to comply with a court order. Before a court may dismiss an action as a discovery sanction, the court must make a finding of willfulness, bad faith, or fault on the party failing to comply. *See Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003). A

---

[1] The Certificate of Service indicates Plaintiff mailed the response on December 16, 2010.

4

court must also explain why a sanction short of dismissal is not appropriate. *Id.* at 468 (citing *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1478-79 (D.C. Cir. 1995) (requiring a court to provide a "specific, reasoned explanation for rejecting lesser sanctions")).

A court also has the power to dismiss an action for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b). Dismissal pursuant to Rule 41(b) is limited, however, to cases where "there is a clear record of delay or contumacious behavior." *Daniels v. Brennan*, 887 F.2d at 783, 785 (7th Cir. 1989) (quoting *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 339 (7th Cir. 1987)).

Plaintiff's failure to allow inspection of the vehicles in question, as ordered by the Court and outlined above, and the statements made by Plaintiff indicate that Plaintiff will not comply with the order of the Court to allow inspection of the vehicles at issue in this lawsuit, unless certain conditions are met. Beginning in August 2010, the Court twice ordered Plaintiff to allow inspection of the vehicles and ordered Plaintiff to cooperate in coordinating the inspection. To date, the ordered inspection has not occurred. Further, Plaintiff has failed to communicate with Defendants for said coordination as ordered and has willfully refused to allow the inspection of the vehicles at issue in the lawsuit unless Plaintiff's specific conditions are met. It is clear that the Plaintiff simply refuses to cooperate in providing Defendants access to the vehicles. The Plaintiff has ignored each of the Court's previous orders and warnings.

The Court alone has the power to control the course of discovery, within the context of the Federal Rules of Civil Procedure. A party may not demand that discovery be conducted only upon the conditions he imposes. Plaintiff brought this lawsuit in federal court and as

such he must comply with the federal rules and the orders of the Court. Any right of access to court for redress of grievances does not guarantee success by the filing party. It provides merely that the filing party has access to an impartial tribunal to hear his disputes against another party or parties. That privilege afforded by the Constitution comes with attendant responsibilities, one of which is respect for the tribunal. A party may not attempt to manipulate the Court into acting in its favor by rebellious refusal to follow rules and orders of the Court. No party, no matter how meritorious his claims, is above the law.

Based on Plaintiff's willful failure to comply with the Court's orders regarding the course of discovery and for his willful failure to cooperate with the Defendants in the prosecution of this lawsuit, it is **RECOMMENDED** that the action be **DISMISSED** as a sanction for failure to conduct discovery as ordered and for willful failure to follow the court's orders pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).

The Court has considered sanctions short of dismissal but finds no other sanction appropriate. The facts of this case are not complex. Plaintiff brought this lawsuit seeking payment for damage caused to his vintage vehicles by Defendants. The only discoverable issue in the lawsuit is the value of the vehicles and the extent of the damage caused to them. By refusing to allow inspection of the vehicles except under conditions determined by Plaintiff alone, Plaintiff has effectively prevented the progress of the lawsuit. There can be no resolution of the case without discovery regarding the value of and extent of damage to the vehicles. As such, a lesser sanction, such as barring evidence regarding the value of the vehicles, would effectively end the litigation.

### CONCLUSION

Based on all the foregoing, it is **RECOMMENDED** that Motion for Sanctions filed by Defendants (Doc. 94) be **GRANTED**. It is **FURTHER RECOMMENDED** that pursuant to Fed. R. Civ. P. 37(b) and 41(b), the action be **DISMISSED with prejudice** as a sanction for Plaintiff's failure to cooperate in discovery and for Plaintiff's willful failure to comply with the Court's orders.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:   December 28, 2010**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**