UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. ALLISON,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF BRIDGEPORT, ILLINOIS, *a municipality in Lawrence County*, MAX SCHAUF, *individually and in his official capacity as Mayor of Bridgeport*, ROBERT NESTLEROAD, *individually and in his official capacity as Chief of Police of Bridgeport*, TRENT MASTERSON, *individually and in his official capacity as Police Officer of Bridgeport*, DANNY ASH, *individually and in his official capacity as Police Officer and as acting Chief of Police of Bridgeport*, and TORY GARRARD, *individually and in his capacity as owner of Garrard Towing and Repair, the designated towing agent of Bridgeport*,<br><br>    Defendants. | Case No. 09-cv-703-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on, *inter alia*, Magistrate Judge Donald G. Wilkerson's Report and Recommendations (Doc. 103), which recommends that Defendants' Motion for Sanctions (Doc. 94) be granted.  Specifically, Magistrate Judge Wilkerson finds that Plaintiff Michael Allison's  continual, willful failure to cooperate in discovery and comply with the Court's orders warrants dismissal of this matter with prejudice.

After reviewing a report and recommendation, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report.  Fed. R. Civ. P. 72(b).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for

clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

It is undisputed that Allison has repeatedly failed to comply with the direct, explicit orders of Magistrate Judge Wilkerson. Namely, on October 7, 2010, Magistrate Judge Wilkerson ordered the parties "to agree on [a] date and time for inspection [of Allison's vehicles at issue in this case]. Inspection to occur within 30 days." Doc. 79. The inspection never occurred within those 30 days, largely because the parties could not agree on a date to meet. When the parties finally settled on November 18 as the date for inspection, Magistrate Judge Wilkerson rightfully memorialized said date in an order. Doc. 86 ("The Court orders that the inspection of the vehicles at issue in the case, tentatively set for 11/18/2010, *shall* take place. Plaintiff or Plaintiff's counsel *shall* allow the inspection of the vehicles, as [previously] discussed . . . .") (emphasis added). In that same order, Magistrate Judge Wilkerson made clear the importance of moving this case forward: "If Plaintiff or Plaintiff's counsel hinders the inspection of the vehicles, the Court may, in its discretion and pursuant to Fed. R. Civ. P. 37(b)(2), prohibit introduction into the case of any evidence regarding the value of the vehicles." *Id*. A reconsideration motion by Allison was quickly met with denial, further clarifying what was expected of him. Despite being fully aware of his obligations regarding inspection, Allison decided against allowing inspection of his vehicles on November 18. A show cause order as to sanctions and the instant R & R from Magistrate Judge Wilkerson soon followed

It is also undisputed that Allison did not cooperate with Defendants in having his vehicles inspected. Defendants worked with Allison in deciding upon November 18 as a mutually agreeable date for inspection. To further coordinate the inspection, Defendants called Allison four times and left him two messages over the days immediately preceding November 18. Despite being aware of Defendants' efforts to coordinate the necessary inspection, Allison

opted to ignore their calls and messages.

To summarize, Magistrate Judge Wilkerson made clear to Allison *three times* that he was to ensure Defendants' experts were able to inspect the vehicles on November 18 or another date around that time. While Allison could have appealed Magistrate Judge Wilkerson's inspection rulings to this Court, *see* S.D. Ill. L. R. 73.1(a), he chose not to do so. Magistrate Judge Wilkerson also made clear to Allison *several* times that sanctions would be the consequence of any non-compliance with the inspection orders. While little more was expected of Allison than picking up the phone or returning a message, Allison persisted in a course of stubbornness.

In his 27-page objection to the R & R,[1] rather than specifically explaining or justifying why he did not allow Defendants to inspect his vehicles on November 18, Allison launches into a diatribe about why any inspection by Defendants' experts is inherently wrongful.[2] For example, Allison argues that most of the physical and consequential damages to the vehicles are internal damages and damages to the underside of each vehicle that cannot be assessed in an inspection. Allison further contends that Defendants would be committing civil and criminal trespass if they were to go onto the property where the vehicles are currently being kept and that the Court does not have the jurisdiction to encourage or condone such alleged trespass. Allison

---

[1]While the Court's Local Rules do not set page limits on objections to reports and recommendations, the Court admonishes Allison that objections and filings of such unnecessary length and redundant content will not be tolerated in the future. Allison has previously been warned about his inability to get to the point, *see* Doc. 13, and, in the future, the Court will not be made to cull 2 pages of wheat from 27 pages of chaff.

[2]Wading through this diatribe, it becomes clear that Allison has not "specifically identif[ied] the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for [his] objections." S.D. Ill. L. R. 73.1(b). While this failure likely mandates application of a clearly erroneous standard of review to the R & R, the Court notes that the R & R survives even a *de novo* standard of review.

next touts his offer that would allow Defendants' experts to *watch* his experts disassemble and examine the vehicles.³ Finally, Allison complains about Defendants' failure to comply with his discovery motions, and the Court's failure to remedy same.

Allison's many objections barely comport with one another, let alone craft an argument against inspection. More importantly, his objections, which merely reiterate basic discovery qualms that have long since been overruled, do not address why sanctions should not be imposed in this case. Allison might not *want* Defendants' experts to inspect his vehicles or *believe* that Defendants have any right to inspection, but this is not something he gets to decide. As Magistrate Judge Wilkerson stated, "A party may not attempt to manipulate the Court into acting in its favor by rebellious refusal to follow rules and orders of the Court. No party, no matter how meritorious his claims, is above the law." Doc. 103, p. 6. Allison's inability to comprehend the fact that he is not in charge of what is discoverable shall not go unpunished. Like Magistrate Judge Wilkerson, the Court finds that Allison's conduct has been marked by a clear record of the bad faith and contumacious behavior that should result in sanctions under Federal Rules of Civil Procedure 37(b) and 41(b) respectively. *See Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003).

The only matter in which the Court is in disagreement with Magistrate Judge Wilkerson is the extent of the sanction warranted. When discussing sanctions before November 18, 2007, Magistrate Judge Wilkerson mentioned prohibiting the introduction of any evidence as to the value of the vehicles at issue. The Court believes this is an appropriate sanction, especially since Allison had notice that it might be imposed. But, unlike Magistrate Judge Wilkerson, the Court

---

³Allison is planning to hire his own experts to inspect the vehicles because, apparently, it is only in his interest to establish damages or the lack thereof in this case.

does not find "[t]here can be no resolution of the case without discovery regarding the value of and extent of damges to the vehicles." Doc. 103, p. 6. Apart from damages to his vehicles, Allison largely complains about the constitutionality of the underlying City of Bridgeport, Illinois, ordinance in the operative Amended Complaint (Doc. 32). The Court sees no reason why Allison's non-compliance with the inspection orders should bar his attack on the constitutionality of said ordinance. The Court believes that a prohibition on evidence relating to the value of the vehicles, whereby the Court effectively strikes Allison's claims for compensatory damages, will be sufficient to deter Allison's non-compliance in the future.

For the foregoing reasons, the Court **ADOPTS in part** and **REJECTS in part** Magistrate Judge Wilkerson's R & R (Doc. 103). Specifically, the Court **ADOPTS** the R & R insofar as it recommends that Allison be sanctioned for non-compliance with specific inspection orders, whereby the Court **GRANTS** Defendants' Motion for Sanctions (Doc. 94). The Court **REJECTS** the R & R insofar as it recommends that the sanction be dismissal of this matter with prejudice and that this matter be dismissed with prejudice. Rather, the Court henceforth **PROHIBITS** Allison from presenting any evidence as to the value of the vehicles at issue, whereby the Court **STRIKES** Allison's requests for compensatory damages in Counts I-XII of the Amended Complaint (Doc. 32). And, the Court **WARNS** Allison that his failure to comply with *any* of the Court's orders in the future may result in sanctions up to and including dismissal of this matter with prejudice.

Further, the Court **GRANTS in part** and **DENIES in part** Allison's Motion to Continue Trial and Motion for In-Person Status Hearing (Doc. 101). Specifically, the Court **GRANTS** said motion insofar as it seeks to continue the current trial date, whereby the Court **VACATES** the current final pre-trial conference and trial dates in this matter. The Court **SETS May 12,**

**2011, at 9:30 a.m. for a final pre-trial conference and May 23, 2011, at 9:00 a.m. for trial**.

The Court **DENIES** said motion insofar as it seeks an in-person status hearing because of Allison's inability to succinctly state the basis and extent of his request. *See supra* note 1,

Finally, the Court **ORDERS** the parties to file any remaining dispositive motions no later than March 11, 2011. Any remaining discovery requests or issues shall be presented to Magistrate Judge Wilkerson.

**IT IS SO ORDERED.**
**DATED: February 8, 2011**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**