UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. ALLISON,<br><br>    Plaintiff,<br><br>  v.<br><br>TORY GARRARD, *individually and in his capacity as owner and operator of Garrard Towing and Repair, the designated towing agent for Bridgeport*,<br><br>    Cross-Claimant/Defendant,<br><br>  v.<br><br>CITY OF BRIDGEPORT, ILLINOIS, *a municipality in Lawrence County*, MAX SCHAUF, *individually and in his official capacity as Mayor of Bridgeport*, ROBERT NESTLEROAD, *individually and in his official capacity as Chief of Police of Bridgeport*, TRENT MASTERSON, *individually and in his official capacity as Police Officer of Bridgeport*, and DANNY ASH, *individually and in his official capacity as Police Officer and as acting Chief of Police of Bridgeport*,<br><br>    Defendants/Cross-Defendants, | Case No. 09-cv-703-JPG-DGW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Cross-Defendants City of Bridgeport, Illinois, Max Schauf, Robert Nestleroad, Trent Masterson, and Danny Ash's (hereinafter "Cross-Defendants") second Motion to Dismiss (Doc. 92). Cross-Claimant Tory Garrard (hereinafter "Garrard") filed a Response (Doc. 109) thereto. For the following reasons, the Court, *inter alia*, **DENIES** Cross-Defendants' motion.

ANALYSIS

The target of the instant motion is Garrard's Amended Cross-Claim (Doc. 80), which seeks judgment against Cross-Defendants for indemnification or, alternatively, contribution as to their respective, yet-to-be-determined degrees of fault. Cross-Defendants move to dismiss said cross-claim on the following two grounds: 1) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and 2) unavailability of contribution in light of the relief sought by Plaintiff Michael Allison (hereinafter "Allison") and the current posture of this matter. Each of these arguments will be addressed in kind.

**I.     Legal Sufficiency of the Cross-Claim**

"In ruling on a motion to dismiss [a] cross-claim, a court uses the same standards of review that apply to claims made in the main complaint." *Hays v. Bardasian*, 615 F. Supp. 2d 796, 798 (N.D. Ind. 2009); *see Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001) (counterclaim); *Fultz v. Ahmed*, No. 2:08 cv 289, 2010 WL 2425905, at *3 (N.D. Ind. June 9, 2010) (cross-claim). This includes application of the federal system of notice pleading, which requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, a cross-claim need not allege detailed facts. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir.2007).

In order to provide fair notice of the grounds for his claim, however the cross-claimant must allege sufficient facts "to raise a right to relief above the speculative level." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A cross-claim must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."

*Id*. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the [cross-claim] does not provide the type of notice of the claim to which the defendant is entitled under [Federal] Rule [of Civil Procedure] 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). However, "when a [cross-claim] adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.

Unlike Garrard's original Cross-Claim (Doc. 39), which the Court dismissed with leave to refile, the operative cross-claim offers a sketch of the relevant facts. Specifically, it explains that one or more of the Cross-Defendants specifically instructed Garrard to tow Allison's cars from his property and that Cross-Defendant Max Schauf, Mayor of the City of Bridgeport (another cross-defendant), informed Garrard that the city would handle any lawsuits resulting therefrom. The cross-claim further explains that Garrard demanded defense, indemnification, and to be held harmless from all Cross-Defendants, which they promptly denied. Of course, as with a motion to dismiss a complaint, the Court must accept these well-pled factual allegations as true. *Cozzi Iron & Metal, Inc.*, 250 F.3d at 574. The Court may also accept as true any reasonable inferences created by the cross-claim. *Id*.

The facts alleged in the cross-claim not only place Garrard's right to relief beyond mere speculation but strongly correlate with the elements of both indemnification and contribution. With respect to indemnity,[1] the cross-claim establishes that a relationship

---

[1] The common law doctrine of indemnification "provid[es] for the complete shifting of liability on a showing that there was a pre-tort relationship between the guilty parties and a qualitative distinction between their conduct." *Heinrich v. Peabody Int'l Corp.*, 459 N.E.2d

3

existed between Garrard and Cross-Defendants, especially the city and the mayor, *before* the underlying conduct occurred. Likewise, the cross-claim highlights a qualitative distinction between Garrard and Cross-Defendants — namely, Garrard simply followed the orders of one or more of the Cross-Defendants. Regarding contribution,[2] the cross-claim makes clear that any liability of Garrard and Cross-Defendants to Allison wholly stems from the towing of Allison's vehicles. As one can see, the operative cross-claim provides much more than a formulaic recitation of the underlying causes of action and erases the Court's previous concern as to their plausibility. Perhaps more importantly, the cross-claim puts Cross-Defendants on notice of the claims for indemnity and contribution against them, which is all that is required under Federal Rule of Civil Procedure 8.

## II. Availability of Contribution

Cross-Defendants' only other argument is that Garrard may not invoke any right to contribution in light of the relief sought by Allison and the posture of this case.[3] More precisely, Cross-Defendants argue that contribution may only be invoked by a defendant sued in tort, not a defendant — like Garrard — sued for alleged civil rights violations. Cross-

---

935, 938 (Ill. 1984).

[2]Illinois law states that "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them." 740 Ill. Comp. Stat. Ann. 100/2 (West 2010).

[3]As an aside, Cross-Defendants argue that "the Supreme Court has ruled that a *Complaint* must allege facts on its face to give rise to a cause of action for indemnification or contribution in a case." (Doc. 92, p. 2, ¶ 4) (emphasis added). Cross-Defendants, however, fail to explain or cite any authority for this purported linkage between the complaint and cross-claim in the motion to dismiss context. As such, the Court will not address this unsupported argument.

Defendants do not raise this argument with respect to indemnification; as such, Garrard's request for indemnity shall stand regardless of the following analysis.

Indeed, a defendant's right to contribution is typically confined to the realm of tort law, *see supra* note 2, and Allison's Amended Complaint (Doc. 32) alleges various civil rights violations by means of 42 U.S.C. § 1983. Nevertheless, the law of torts and § 1983 can and often do overlap. "[Section] 1983 'creates a species of tort liability'" in that a plaintiff seeking compensatory or punitive damages thereunder must establish both a violation of his constitutional rights as well as resultant injury or damages. *Roe v. Elyea*, 631 F.3d 843, 863-64 (7th Cir. 2011) (citing *Heck v. Humphrey*, 512 U.S. 477, 483 (1994)); *accord. Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007). This is not to say that contribution is therefore automatically made available in cases involving § 1983; rather, the relevant threshold question becomes whether Congress expressly or implicitly intended to create a right to contribution in a § 1983 action or whether such a right exists as part of federal common law. *See Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 639 (1981); *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 91-95 (1981).

Notably, the Seventh Circuit Court of Appeals has yet to answer this specific question or generally decide whether defendants may assert a right of contribution when being sued under § 1983. *See Perks v. Cnty. of Shelby*, No. 09-3154, 2009 WL 2985859, at *2 (C.D. Ill. Sept. 15, 2009). This lack of clear guidance, however, has not kept district courts in the Seventh Circuit from deciding the issue. *See, e.g., Burris v. Cullinan*, No. 09-3116, 2009 WL 3575420, at *10 (C.D. Ill. Oct. 23, 2009) (dismissing cross-claim for contribution); *Perks*, 2009 WL 2985859 at *3 (dismissing cross-claim for contribution); *Estate of Carlock ex rel.*

5

*Andreatta-Carlock v. Williamson*, No. 08-3075, 2009 WL 1708088, at * (C.D. Ill. June 12, 2009) (dismissing cross-claim for contribution as it related to plaintiff's § 1983 action).

Here, in addition to requesting that the underlying Bridgeport ordinance be declared unconstitutional, Allison prays for compensatory and punitive damages from all Defendants. While the Court previously struck Allison's requests for compensatory damages, Doc. 105, p. 5, his prayers for punitive damages continue, including that against Garrard. Allison's request for punitive damages provides his § 1983 lawsuit with a tinge of tort theory that *may* allow for an effective claim of contribution by Garrard.

Unfortunately, neither the Cross-Defendants nor Garrard briefed whether Congress expressly or implicitly intended to create a right to contribution in a § 1983 action or whether any such right exists as part of federal common law. The Court is not in the business of crafting arguments for counsel and will not do so here. Instead, the Court will steer the safe course — namely, allowing Garrard's cross-claim for contribution to continue.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Cross-Defendants' Motion to Dismiss (Doc. 92). Further, for purposes of judicial economy, the Court **ORDERS** that any further argument on the availability or non-availability of any Defendant's right to contribution shall be **STAYED** until *after* final determinations of liability have been made.

**IT IS SO ORDERED.**
**DATED: May 9, 2011**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**