UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MICHAEL ALLISON,

    Plaintiff,

  v.

CITY OF BRIDGEPORT, ILLINOIS,
*et al*.,

    Defendants.

Case No. 09-cv-703-JPG-DGW

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter comes before the Court on its own initiative for purposes of case management. Specifically, the Court seeks to address the constitutionality of the underlying ordinance and to streamline matters in light of the looming jury trial date.

In the operative Amended Complaint (Doc. 32), Plaintiff Michael Allison claims, *inter alia*, that he was denied fair procedures when he was not given an opportunity to be heard before or after his vehicles were towed.

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. 14. This clause encompasses three types of protection, one of which is the guarantee of fair procedure, often referred to as "procedural due process." *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990). In order to demonstrate a due process violation, a plaintiff must ultimately establish (1) that the interest allegedly lost was a protected property or liberty interest under the Fourteenth Amendment, (2) that "the alleged loss . . . amounted to a deprivation," and (3) that the deprivation occurred without due process of law. *Polenz v.*

*Parrott*, 883 F.2d 551, 555 (7th Cir. 1989) (citing *Parratt v. Taylor*, 451 U.S. 527, 536-37 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)) (quotation marks omitted).

Due process "is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *accord Doherty v. City of Chi.*, 75 F.3d 318, 323 (7th Cir. 1996). That said, a "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Doherty*, 75 F.3d at 323. A state may provide due process of law before or after the deprivation. *Id*. Even if a person is deprived of a protected liberty or property interest under color of state law, there is no constitutional violation if the state provides an adequate post-deprivation remedy. *Parratt*, 451 U.S. at 538; *Daniels*, 474 U.S. at 339-40 (Stevens, J., concurring). Whether a remedy is adequate requires a balancing of the following three interests:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, it cannot be disputed that Allison was deprived, at a minimum, of a protected property interest in the possession of his vehicles when they were repeatedly towed. *See Sutton v. City of Milwaukee*, 672 F.2d 644, 645 (7th Cir. 1982). Moreover, Defendants concede that Allison was not given an opportunity for a hearing before *or* after the seizure of

2

his vehicles.  Doc. 42, p. 4, ¶ 22 ("Defendants admit the allegation[] [that Bridgeport officials did not offer Plaintiff an opportunity for a hearing either before or after the seizure of his cars.]"); Final Pretrial Tr., May 12, 2011 (Defense counsel: "[T]here was no hearing in this particular case before it was towed from private property."). In other words, Allison was not afforded an "opportunity to be heard at a meaningful time and in a meaningful manner" or an adequate post-deprivation remedy. *Doherty*, 75 F.3d at 323. Therefore, it appears that Defendants denied Allison his due process rights in contravention of the Fourteenth Amendment.

Being fully advised of the premises, the Court **ORDERS** Defendants to show cause **no later than June 10, 2011**, why Bridgeport's "Abandoned Vehicles" ordinance should not be declared unconstitutional as drafted and as applied to Allison. Allison shall have seven days to respond thereto. If Defendants do not contest the Court's preliminary findings herein, this matter shall proceed to jury trial on the sole issue of damages.

The Court **DIRECTS** the Clerk of Court to mail a copy of this memorandum and order to show cause to Richard S. Fedder, 144 Pineview Road, Carbondale, Illinois 62901.

**IT IS SO ORDERED.**
**DATED: May 19, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
