IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. ALLISON,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF BRIDGEPORT, IL., *a municipality in Lawrence County;* MAX SCHAUF, *individually and in his capacity as Mayor of Bridgeport*; ROBERT NESTLEROAD, *individually and in his capacity as Chief of Police of Bridgeport*; DANNY ASH, *individually and in his capacity as Police Officer and acting Chief of Police of Bridgeport*; TRENT MASTERSON, *individually and in his capacity as Police Officer of Bridgeport*; TORY GARRARD, *individually and in his capacity as owner of Garrard Towing and Repair, the designated towing agent for Bridgeport,*<br><br>   Defendants. | Case No. 3:09-cv-00703-JPG |

<u>MEMORANDUM & ORDER</u>

This matter comes before the Court on the plaintiff's Petition for Interlocutory Appeal of the Denial of Discovery (Doc. 137). For the following reasons, the Court denies the plaintiff's petition.

**BACKGROUND**

This matter has been pending before the Court for nearly five years, first in case 4:05-cv-04206 and now as case 3:09-cv-00703. Plaintiff Michael Allison asserts his constitutional right to due process was violated when Bridgeport, Illinois passed an ordinance which required all vehicles be registered. The parties disagree over whether the ordinance had an appeal

1

mechanism. Allison had two unregistered vintage vehicles which he did not drive but enjoyed working on as a hobby. These vehicles were towed in 2003 and 2005 because they were unregistered and Allison alleges this was done without any type of warrant or court order. After the 2003 incident, Allison registered them but following the 2005 incident he moved the vehicles outside of town to prevent them from being towed again. Subsequently, he has been unable to enjoy the vehicles.

In Allison's present petition to appeal before this Court (Doc. 137), he alleges the ordinance was passed as part of a greater scheme of racketeering and corruption. Allison filed a motion to re-open discovery in order to receive evidence to support this claim the day before the final pretrial conference (Doc. 128) and this motion was stricken from the docket for being improperly filed (Doc. 131). It is this "motion" which Allison now seeks to appeal. Allison raised the motion during final pretrial and the Court informed Allison the motion had been stricken and discovery was closed.

Although Allison's complaint does not allege racketeering and corruption, he insists this is the Court's fault for striking the original complaint of 164 pages (Doc. 1) in this case. The Court looks back to the prior case (5-4206) in which the original complaint was also stricken (Doc. 1), as was the amended complaint (Doc. 9), until an acceptable complaint was finally filed (Doc. 11). The Court further notes the operative complaint in this current case is still over fifty pages long (Doc. 32). Although Allison was *pro se* at the time of its filing, he was not *pro se* when the complaints were filed in 5-4206 and is not *pro se* now.  The complaint fails to allege any racketeering scheme and the day before the final pretrial conference is not the time to re-open discovery. The Court also notes Allison retained counsel again (the same counsel as the prior case) on June 20, 2011 and counsel did not file his motion until October 27, 2011, the day

before final pretrial. Trial is currently set for January 10, 2012 and the parties have been ordered to a settlement conference (Doc. 139). Regardless of the untimeliness of counsel's motions, the Court now turns to the petition for interlocutory appeal (Doc. 137).

## ANALYSIS

I.      Standard

A district court may certify for an immediate appeal an order meeting the strictures of 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Before a district court may certify an order for interlocutory appeal, it must find that four statutory criteria are met. "[T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000)(emphasis in original).

In addition to meeting the statutory criteria, the petition for leave to file an interlocutory appeal must meet the prudential criterion of having been filed within a reasonable time after entry of the order sought to be appealed. *Id*. at 675-76. The criteria must all be met, or an interlocutory appeal is not appropriate. *Ahrenholz*, 219 F.3d at 676. Allison's petition meets none of the statutory criteria.

II.     Application

An appeal presents a question of law when it raises a "question regarding the meaning of a statutory or constitutional provision, regulation or common law doctrine." *Boim v. Quranic Literacy Inst. and Holy Land Foundation for Relief and Development*, 291 F.3d 1000, 1007 (7th Cir. 2002).  An order determining the re-opening of discovery is clearly not interpreting a statute, regulation, common law, or constitution. As such, Allison's petition does not present a question of law.

A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).  Discovery orders are generally not controlling nor appealable until the end of the case. *See Union Carbide Corp. v. United States Cutting Service, Inc.,* 782 F.2d 710 (7th Cir. 1986). Further, the Court does not see how this particular discovery motion could possibly be a controlling issue and Allison has provided no legal arguments nor authority to persuade the Court otherwise. Allison's petition fails to meet this requirement.

Further, an order may not be appealed unless it is contestable. There must be grounds for a difference of opinion. Again, Allison has provided no legal argument or authority for why the Court's decision to not re-open discovery is contestable.

Finally, the Court may only certify questions the resolution of which will "materially advance the ultimate termination of the litigation."  The Court may not certify questions merely because their resolution will not materially delay the litigation. There is no doubt this appeal would not advance the ultimate termination but rather would lead to a lengthy delay in a situation

4

which has been in front of this court for almost five years (Case No. 4:05-cv-04206 and 3:09-cv-00703).

For the foregoing reasons the Court hereby **DENIES** Allison's petition for interlocutory appeal (Doc. 137).

**IT IS SO ORDERED.**
**DATED:** December 7, 2011

                                                          s./ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**