Members of the jury, you have seen and heard all the evidence. I will instruct you on the law before you hear the arguments of the parties.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

7th Circuit Pattern Civil Instruction 1.01
**Court's Instruction No. 1**

During this trial, I have asked a witness a question myself.  Do not assume

that because I asked questions I hold any opinion on the matters I asked about,

or on what the outcome of the case should be.

7th Circuit Pattern Civil Instruction 1.02
**Court's Instruction No. 2**

Page 2, Instruction 2

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

7th Circuit Pattern Civil Instruction 1.04
**Court's Instruction No. 3**

Page 3, Instruction 3

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, internet, or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.


7th Circuit Pattern Civil Instruction 1.06
**Court's Instruction No. 4**

Page 4, Instruction 4

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

7th Circuit Pattern Civil Instruction 1.07
**Court's Instruction No. 5**

Page 5, Instruction 5

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

7th Circuit Pattern Civil Instruction 1.08
**Court's Instruction No. 6**

Page 6, Instruction 6

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in this case.

7th Circuit Pattern Civil Instruction 1.11
**Court's Instruction No. 7**

Page 7, Instruction 7

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

7th Circuit Pattern Civil Instruction 1.12
**Court's Instruction No. 8**

Page 8, Instruction 8

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-- the witness's memory;

-- any interest, bias, or prejudice the witness may have;

-- the witness's intelligence;

-- the manner of the witness while testifying;

-- and the reasonableness of the witness's testimony in light of all the evidence in the case

7th Circuit Pattern Civil Instruction 1.13
**Court's Instruction No. 9**

Page 9, Instruction 9

It is proper for a lawyer to meet with any witness in preparation for trial.

7th Circuit Pattern Civil Instruction 1.16
**Court's Instruction No. 10**

Page 10, Instruction 10

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

7th Circuit Pattern Civil Instruction 1.17
**Court's Instruction No. 11**

Page 11, Instruction 11

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

7th Circuit Pattern Civil Instruction 1.18
**Court's Instruction No. 12**

Page 12, Instruction 12

You may consider statements given by witnesses made under oath before trial as evidence of the truth of what that witness said in the earlier statements. You may also consider statements given by witnesses made under oath before trial when you decide what weight to give the witness's testimony.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

7th Circuit Pattern Civil Instruction 1.14 (modified)
**Court's Instruction No. 13**

Page 13, Instruction 13

In this case, Plaintiff Michael D. Allison claims that Defendants Robert Nestleroad, Chief of Police of Bridgeport; and Tony Garrard, violated his Fourth and Fourteenth Amendment rights by towing two vehicles from his property.

Plaintiff claims that the vehicles were towed in November of 2003 and in June of 2005. You should consider whether Plaintiff's Fourth and/or Fourteenth Amendment rights were violated in either 2003 or 2005.

**Court's Instruction No. 14**

Page 14, Instruction 14

The evidence in the case has been that Defendant Nestleroad retired before the 2005 towing of Plaintiff Allison's vehicles.  Therefore, under the evidence presented, Defendant Nestleroad could only be found liable for Constitutional violations related to the 2003 towing.  The only Defendant remaining in the 2005 claim is Defendant Garrard.

**Court's Instruction No. 15**

Page 15, Instruction 15

Michael D. Allison claims that his two Buick cars were towed from his property, in violation of his Fourth Amendment Rights.  To succeed on his claim that Defendants violated his Fourth Amendment Right to property, Michael D. Allison must prove each of the following things by a preponderance of the evidence:

1.      Defendants caused or participated in meaningful interference with Mr. Allison's possession of the cars; and

2.      That interference was unreasonable.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against any or both Defendants, then you should find for Plaintiff Michael D. Allison on the Fourth Amendment claim, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendants on the Fourth Amendment claim and you will not consider the question of damages.


**Court's Instruction No. 16**
Pepper v. Village of Oak Park, 430 F.3d 805, 809 (7th Cir. 2005)

Page 16, Instruction 16

Michael D. Allison claims that he was deprived of his two Buick cars without due process, in violation of his Fourteenth Amendment Rights.  The Court has determined that Mr. Allison had a constitutionally protected interest in his cars.  To succeed on his claim that Defendants violated his Fourteenth Amendment Rights to due process, Michael D. Allison must prove each of the following things by a preponderance of the evidence:

1.    Defendants deprived him of his cars; and

2.    Mr. Allison was not provided a hearing before or after he was deprived of his cars; and

3.    That deprivation of his cars without a hearing caused him actual injury.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against any or all of the Defendants, then you should find for Plaintiff Michael D. Allison on the Fourteenth Amendment claim, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendants on the Fourteenth Amendment claim and you will not consider the question of damages.

**Court's Instruction No. 17**
RJB Properties, Inc. v. Board of Educ. Of City of Chicago, 468 F.3d 1005, 1011 (7th Cir. 2006).  Berman v. Young, 291 F.3d 976, 982 (7th Cir. 2002).

Page 17, Instruction 17

To succeed on any claim against Defendant Tory Garrard, Plaintiff Michael D. Allison must prove by a preponderance of the evidence that Tory Garrard was acting "under color of law."  When I say that a person acts "under color of law," I mean that a person uses or misuses authority that he has because of his official position.  In order for a private individual like Tory Garrard to act under color of law, there must be evidence that Tory Garrard jointly engaged with state actors.

**Court's Instruction No. 18**
7th Circuit Pattern Civil Instruction 7.03 (modified)
*Whitlock v. Brueggemann,* 682 F.3d 567, 577 (7th Cir. 2012);

Page 18, Instruction 18

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

7th Circuit Pattern Civil Instruction 1.27
**Court's Instruction No. 19**

Page 19, Instruction 19

If you find in favor of Plaintiff Michael D. Allison on either his Fourth Amendment or his Fourteenth Amendment Claim or both, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained as a direct result of either the unreasonable interference with his meaningful possession of his cars, or the deprivation of his cars without a hearing, or both.  These are called compensatory damages.

Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.    The mental/emotional pain and suffering Plaintiff experienced.  No evidence of the dollar value of mental/emotional pain and suffering needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained as a direct result of unconstitutional acts.

If you find in favor of Plaintiff but find that he has failed to prove compensatory damages, you must return a verdict for Plaintiff Michael D. Allison in the amount of one dollar ($1.00).

7th Circuit Pattern Civil Instruction (modified) 7.23
**Court's Instruction No. 20**
                    Page 20, Instruction 20

If you find for Plaintiff Michael D. Allison, you may, but are not required to, assess punitive damages against either Defendant or both.  The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant(s) and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant(s).  You may assess punitive damages only if you find that either of their conduct, or both, was malicious or in reckless disregard of Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff.  Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.  In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damage is not made;

-       the relationship of any award of punitive damages to the amount of

actual harm the Plaintiff suffered.

7th Circuit Pattern Civil Instruction (modified) 7.24
**Court's Instruction No. 21**

Page 22, Instruction 21

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

If you find for Plaintiff Michael D. Allison and against Defendant Robert Nestleroad and/or Defendant Tory Garrard, you should use Verdict Form A.

If you find for Defendant Robert Nestleroad and Defendant Tory Garrard and against Plaintiff Michael D. Allison, you should use Verdict Form B.

7th Circuit Pattern Civil Instruction 1.32 (modified)
**Court's Instruction No. 22**

Page 23, Instruction 22

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

7th Circuit Pattern Civil Instruction 1.33
**Court's Instruction No. 23**

Page 24, Instruction 23

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

7th Circuit Pattern Civil Instruction 1.34
**Court's Instruction No. 24**

Page 25, Instruction 24